UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD SAMU,

        Plaintiff,

v.

OMER STEWART,

        Defendant.
_____/

Case No. 1:10-cv-857

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Omer Stewart's motion for summary judgment (docket no. 18). Stewart's motion is unopposed.

**I.**    **Background**

Plaintiff's complaint is based upon the following allegations. He is "a permanent wheelchair bound frail 62 year-old chronic care patient/prisoner." Compl. at ¶ 2. Prior to cell inspections on April 5, 2010, plaintiff had an urgent need to urinate. *Id.* At that time, Assistant Unit Resident Supervisor Omer Stewart ("Stewart") ordered plaintiff to remove a sheet covering the cell window. *Id.* Plaintiff "informed Stewart that "he was in severe pain because he had an urgent need to urinate." *Id.* at ¶ 3. Stewart denied the request, blocked the cell door and gave plaintiff a direct order to "remove the sheet from the cell window before using the restroom." *Id.* Plaintiff again told Stewart that "it was an emergency" but Stewart denied the request and blocked the doorway. *Id.* at ¶ 4. As a result, plaintiff was forced to urinate on himself. *Id.*

Plaintiff filed a two-count complaint against Stewart, in both his individual and official capacities, pursuant to 42 U.S.C. § 1983. In Count I, plaintiff alleged that Stewart violated his Fourteenth Amendment due process right "to eliminate harmful urination waste from his body" and his substantive due process right "to urinate in reasonable privacy." *Id.* at ¶¶ 15-16. In Count II, plaintiff alleged that Stewart violated his Eighth Amendment rights exercising deliberate indifference to his health and safety by impeding his ability to urinate. *Id.* at ¶¶ 22-25. Plaintiff seeks compensatory and punitive damages.

## II.     Stewart's motion for summary judgment

### A.     Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Stewart has moved for summary judgment on plaintiff's claims. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Eighth Amendment claim

It is well established that an inmate has a cause of action under § 1983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). A viable Eighth Amendment claim consists of an objective and a subjective component.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Hudson*, 503 U.S. at 8-9. With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 8 (internal citations and quotation marks omitted). Similarly, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence in diagnosing or treating a medical condition does not constitute an Eighth Amendment violation. *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Stewart has submitted an affidavit setting forth the following facts. On April 5, 2010, while making rounds, he noticed a sheet placed over the window of plaintiff's cell. Stewart Aff. at ¶ 5 (docket no. 20). The housing unit rules specifically prohibit the hanging of items over windows. *Id.* at ¶ 6. Stewart roused plaintiff and gave him a direct order to remove the sheet placed in the window. *Id.* at ¶ 7. At that time, plaintiff "was not on his way to the bathroom . . . nor did he indicate a need, urgent or otherwise, to use the bathroom." *Id.* at ¶ 8. Once plaintiff removed the sheet from the window, Stewart continued his rounds. *Id.* at ¶ 9.

As an initial matter, Stewart's uncontested affidavit states that the alleged incident did not occur, i.e., Stewart did not prevent plaintiff from using a restroom. This uncontested statement demonstrates that there are no genuine issues of material fact in this case. Fed. R. Civ. P. 56(a), (c). Furthermore, even if plaintiff could present evidence that this event occurred as alleged, an isolated and relatively short delay in permitting a prisoner to use a restroom is not the sort of deprivation that implicates the Eighth Amendment. *See Dellis v. Corrections Corporation of America*, 257 F.3d 508 (6th Cir.2001) (plaintiff prisoner's claim that he was deprived of a lower bunk, was subjected to a flooded cell, and was deprived of a working toilet alleged only temporary inconveniences and did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)); *Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir.1999) (the plaintiff prisoner's allegation that he was not allowed to use the toilet, was allowed to sit in his own urine, and was not provided fresh drinking water for two 8-hour periods did not violate the Eighth Amendment, which requires that the conditions of confinement not fall below the minimal standards of civilized society) (citing *Farmer*, 511 U.S. at 832). *See also*, *Cunningham v. Eyman*, 17 Fed.

5

Appx. 449, 454 (7th Cir.2001) (inmate failed to establish an Eighth Amendment claim where he alleged that he urinated and defecated on himself and was forced to remain in his soiled clothing for four to five hours because the officers refused to remove his restraints so he could use the toilet). Accordingly, Stewart's motion for summary judgment should be granted.

### B. Fourteenth Amendment claims

Plaintiff also brings this action under the Fourteenth Amendment. Stewart does not address plaintiff's Fourteenth Amendment claim.

Nevertheless, plaintiff's claim fails. The court has previously determined that while a pre-trial detainee or prison visitor may have a substantive due process claim for unnecessary government interference with the ability to urinate. *See Glaspy v. Malicoat*, 134 F. Supp. 2d 890 (W.D. Mich. 2001) (Quist, J.) (officer violated prison visitor's substantive due process rights where he refused to allow the visitor to visit the restroom resulting in the visitor urinating on himself in public). However, because plaintiff is a prisoner in state custody, the affected constitutional violation would arise from the Eighth Amendment rather than the Fourteenth Amendment. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks omitted). The court has previously discussed plaintiff's Eighth Amendment claim. Plaintiff's Fourteenth Amendment claim should be dismissed as a matter of law.[1]

---

[1] Having found no constitutional violations by Stewart, it is unnecessary for the court to address his claim for qualified immunity. However, the court notes that plaintiff's claim for monetary damages against Stewart in his official capacity is barred by Eleventh Amendment immunity. *See Will v. Department of State Police*, 491 U.S. 58, 64-71 (1989); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) ("the Eleventh

### III. Recommendation

For the reasons set forth above, I respectfully recommend that defendant Omer Stewart's motion for summary judgment (docket no. 18) be **GRANTED**, and that this case be closed.

Dated: June 6, 2011                                    /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities").