UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDWARD SAMU,

        Plaintiff,

v.                                          Case No. 1:10-CV-857

OMER STEWART,                          HON. GORDON J. QUIST

        Defendant.
_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Edward Samu, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint against Defendant, Omer Stewart, alleging claims under 42 U.S.C. § 1983.  In particular, Samu alleged that Stewart violated his rights under the Eighth and Fourteenth Amendments when he refused to allow Plaintiff to use the bathroom, causing Plaintiff to urinate on himself.  Stewart filed a motion for summary judgment, arguing that Samu failed to establish an Eighth Amendment claim or, alternatively, that he is entitled to Eleventh Amendment immunity on Samu's official capacity claims and to qualified immunity on Samu's personal capacity claims. Samu did not file a response within the applicable time for doing so, and on June 6, 2011, Magistrate Judge Hugh W. Brenneman issued a Report and Recommendation ("R & R") recommending that Stewart's motion for summary judgment be granted.

On June 28, 2011, Samu filed his response to Stewart's motion for summary judgment, along with an affidavit explaining the reason for his tardy response.  Samu explains that he had attempted to have copies of his response and supporting exhibits made by the prison law librarian since May 16, 2011, but law librarian refused to make the copies without a court order setting a definitive deadline for a response.  (Samu Aff. ¶ 3, docket no. 22.)  Samu states that because he lacked such an order, he was placed in the call-out pool and was essentially forced to wait indefinitely until it

was his turn to have copies made. (*Id.* ¶ 4.) Having reviewed Samu's affidavit, the Court concludes that Samu's failure to timely respond to Stewart's motion was not due to his lack of diligence and that his delay in responding was beyond his control. Accordingly, the Court considers Samu's response and supporting exhibits as his objection to the magistrate judge's report and recommendation.

After conducting a *de novo* review of the Report and Recommendation and Samu's response and exhibits, the Court concludes that the Report and Recommendation should be adopted, and Stewart's motion for summary judgment granted.

Samu alleges that he is "a frail 63 year-old permanently disabled wheelchair dependent chronic care prisoner." (Samu Aff. ¶ 2.) Samu suffers from a serious urinary medical condition, for which he takes a daily dose of hydrochlorothiazide, which "significantly intensifies both the amount of urine [he] make[s] and [his] ability to urinate." (Samu 2d Aff. ¶¶ 3, 4.) Samu's condition causes him "excruciating and debilitating pain" if he is unable to use the bathroom when he needs to urinate. (*Id.* ¶ 5.) To accommodate Samu, the prison facility has assigned him to cell A-62-B, which is located less than 20 feet from the bathroom. (*Id.* ¶ 6.)

On April 5, 2010, Samu had an urgent need to urinate and attempted to leave his cell in his wheelchair. As Samu was leaving, Stewart blocked the doorway and refused to let Samu leave. (Samu Aff. ¶ 4.) Samu informed Stewart that he was in severe pain an needed to urinate, but Stewart denied the request, ordering Samu to first remove a sheet covering his cell window. (*Id.* ¶ 7.) Samu pleaded with Stewart that he was in pain and needed to urinate. Stewart denied the request, continued to block the doorway, and gave Samu a direct order to remove the covering from the cell window before using the restroom. (*Id.*) Because Samu could no longer wait, he urinated on himself. As a result, Samu was humiliated and began crying.

In his R & R, the magistrate judge recommended that Stewart's motion for summary judgment be granted on two grounds. First, the magistrate judge concluded that, in light of Stewart's uncontested affidavit stating that Samu was not on his way to the bathroom and did not indicate an urgent need to urinate, there was no genuine issue of material fact precluding summary judgement. (R & R at 5.) Second, the magistrate judge stated that even if the event happened as Samu alleged in his complaint, summary judgment would be proper because "an isolated and relatively short delay in permitting a prisoner to use a restroom is not the sort of deprivation that implicates the Eighth Amendment." (*Id.*)

Although Samu has now submitted an affidavit creating a disputed issue of fact, that dispute is immaterial because the magistrate judge correctly concluded that, even crediting Samu's version of events, Stewart's acts do not violate Samu's Eighth Amendment rights. Courts in this district and elsewhere have held that allegations similar to Samu's, involving an isolated and temporary refusal or delay in allowing a prisoner to use the bathroom, fall short of establishing an Eighth Amendment claim. Similar to Samu here, the plaintiff in *Johnson v. McByrde*, No. 2:10-CV-131, 2010 WL 3059248 (W.D. Mich. Aug. 4, 2010), alleged that the defendant refused his requests to use the bathroom during a formal count, causing the plaintiff to urinate on himself. *Id.* at *1. Also like Samu, the plaintiff alleged that he had a medical problem that caused him to need to urinate frequently and that during the incident in question he endured physical pain because of his need to urinate. Judge Bell concluded: "Plaintiff was only delayed access to a toilet for eight minutes after his initial request. The fact that Defendant did not take Plaintiff to the toilet during the middle of a count at the moment Plaintiff decided that he needed to urinate is insufficient, by itself, to state a claim under the Eighth Amendment." *Id.* at *2. *See also Dominguez-Mendez v. McCoy*, No. 5:10-347-KKC, 2011 WL 1430325, at *2 (E.D. Ky. Apr. 13, 2011) (noting that "an isolated and relatively short delay in permitting a prisoner to use the bathroom is not the sort of temporary deprivation that

3

implicates the Eighth Amendment" and concluding that the plaintiff's allegation that he was denied access to a toilet on one occasion was insufficient to establish an Eighth Amendment claim). Samu's allegations are no different than the prisoners' allegations in the foregoing cases. Just as important, Stewart is entitled to summary judgment because it is undisputed that he refused to allow Samu to use the bathroom in order to get Samu to remove the sheet from his cell window. Because prison policy forbids prisoners from covering their cell windows, Stewart's refusal to allow Samu to use the restroom before Samu removed the sheet served a legitimate penological interest. *See Sims v. Veal*, No. CIV S-07-0898 MCE EFB P, 2009 WL 2868718, at *9 (E.D. Cal. Sept. 2, 2009) (noting that the defendant's refusal to allow the plaintiff prisoner to leave the kitchen to use the bathroom served a legitimate penological interest where another bathroom was available to the plaintiff).

Finally, Samu contends that if the Court determines that he has not raised a genuine issue of material fact, he should be allowed to complete discovery. The Court disagrees. As noted above, this Court's (and the magistrate judge's) analysis assumes Samu's version of the facts. Thus, even if Samu's version of events is accepted as true, he cannot succeed on his claim as a matter of law. Accordingly, discovery would not save Samu's claim from dismissal. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 6, 2011 (docket no. 21 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 18) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

This case is **concluded**.

Dated: September 13, 2011          /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE